IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                              :
          v.                  :
                              : No. 4:17-CR-242
LEONARD LEWIS,                :
                              :
          Defendant.          : Judge Brann

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS
COUNTS TWO, THREE AND FOUR OF THE INDICTMENT**

Defendant Leonard Lewis, by and through his undersigned counsel, files this Brief in support of his motion to dismiss counts Two, Three and Four of the Indictment.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On August 9, 2017, Mr. Lewis was indicted on the following counts:  Distribution of Marijuana pursuant to 21 U.S.C. § 841 (Count One), Attempted Sexual Exploitation of a Child pursuant to 18 U.S.C. § 2251(a) (Count Two), and two Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity pursuant to 18 U.S.C. § 2422(b) (Counts Three and Four), and Production and Distribution of Obscene Visual Representations of the Sexual Abuse of Children pursuant to 18 U.S.C. § 1466A(a) (Count Five).  Counts Two, Three and Four all stemmed from alleged vulgar text communications purportedly sent between Mr. Lewis from his home in New York, NY and his sixteen-year old male cousin

located in central Pennsylvania, and later with a United States Postal Inspector posing as the sixteen-year old cousin.  No other sexual messages or communications were sent to any other individual.  Other than the alleged communication, at no point in time did any sexual act occur, nor was there any travel or travel arrangements made between Mr. Lewis and the minor.

On August 11, 2017, the Government filed a motion to detain.  On August 15, 2017, Mr. Lewis was arraigned and entered a not guilty plea before Magistrate Judge Carlson. A subsequent review of the detention order was held before this Court on December 15, 2017.  After a recess on the matter, the Court ordered Mr. Lewis to remain detained.

Trial in the matter is currently scheduled for June 4, 2018.

### ARGUMENT

### I.

### COUNTS THREE AND FOUR OF THE INDICTMENT SHOULD BE DISMISSED FOR FAILURE TO STATE AN ESSENTIAL ELEMENT.

Under the United States Constitution and federal law, an indictment must both "contain[] the elements of the offense intended to be charged and sufficiently apprise[] the defendant of what he must be prepared to meet."  Russell v. United States, 369 U.S. 749, 763 (1962); United States v. Resendiz-Ponce, 549

2

U.S. 102, 127 (2007).  "The indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the crime charged . . . ."  Fed. R. Crim. P. 7(c)(1).  An indictment's failure to recite an essential element of the charged offense is a fatal flaw.  See United States v. Beard, 414 F.2d 1014 (3d Cir. 1969).  Every essential element of the charged offense must be present in the indictment in order to ensure that the defendant is prosecuted only on the basis of facts presented to a grand jury, as required by the Fifth Amendment.  See United States v. Smith, 474 F.2d 844 (3d Cir. 1973).

In general, a valid indictment (1) sets forth the elements of the offense charged, (2) fairly informs the defendant of the charges against which they must defend, and (3) enables the accused to plead double jeopardy against any future prosecutions for the same offense.  See Hamling v. United States, 418 U.S. 87 (1974); see also United States v. Wander, 601 F.2d 1251, 1258 (3d Cir. 1979) (noting "[h]appily, the rule that the indictment, to be sufficient, must contain all the elements of a crime . . . is still a vital part of our Federal criminal jurisprudence.") (internal citation omitted).

In order to comply with the Grand Jury and Due Process clauses of the Fifth Amendment, an indictment alleging a violation of 18 U.S.C. § 2422(b) must state the specific

criminal offense that the defendant could be charged with violating.  That statute provides the following:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution <u>or any sexual activity for which any person can be charged with a criminal offense</u>, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b) (emphasis added).

Thus, to convict Mr. Lewis under this statute, the Government must prove that he, using a means of interstate commerce, knowingly, (1) attempted to (2) persuade, induce entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense.  <u>See</u> 18 U.S.C. § 2422(b); <u>see</u> <u>also</u> <u>United States v. Tello</u>, 600 F.3d 1161, 1164-65 (9th Cir. 2010).

A conviction under § 2422(b) requires proof that the defendant's conduct violated a state or federal law and as such, is an element of the offense.  <u>See</u> <u>United States v. Mannava</u>, 565 F.3d 412, 415 (7th Cir. 2009) ("liability created by 18 U.S.C. § 2422(b) depends on the defendant's having violated another statute, and the elements of the offense under that other statute must therefore be elements of the federal offense.");
<u>United States v. Meek</u>, 366 F.3d 705, 711 n.5 (9th Cir. 2004)

4

("[L]iability under § 2422(b) is . . . contingent on criminal sexual activity as defined by another statute"); United States v. Kaye, 243 F. App'x 763, 766 (4th Cir. 2007) ("To obtain a conviction under § 2422(b), the Government must also prove that the additional elements of Va. Code Ann. § 18.2-370, which makes it unlawful for an individual to take indecent liberties with a child, were satisfied."); see also 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §§ 60:05 (defining sexual activity for which any person can be charged with a criminal offense as "Section ___ of the Statutes of the State of ___ provides, in part, as follows: ____").

Where the predicate offense contains multiple subsections, the indictment must identify with particularity the specific section.  See, e.g., United States v. Lanzon, 639 F.3d 1293, 1297 (11th Cir. 2011) (noting that district court dismissed indictment for failure to specify which subsection of state law would have been violated by defendant's alleged conduct).

Likewise, there is even a dispute in the circuits as to whether the predicate "criminal offense" must be a state rather than a federal crime.  See, e.g., United States v. Dwinells, 508 F.3d 63, 72 n.6 (1st Cir. 2007) (leaving open whether the underlying offense can be defined by federal law); United States v. Dhingra, 371 F.3d 557, 564 (9th Cir. 2004); United States v. Patten, 397 F.3d 1100, 1103-04 (8th Cir. 2005) (because

defendant's conduct underlying a § 2422(b) prosecution was illegal in North Dakota but not Minnesota, the jury had to find that the conduct occurred in North Dakota).

Here, the present Indictment fails to include an essential element of the offense, namely, the underlying criminal offense with which Mr. Lewis could be charged. The Indictment does not cite to, nor identify, the criminal offense served as the predicate for the 2422(b) violation. The Indictment only states "sexual exploitation of children."  (Doc. 1 at 3).  Mr. Lewis should not have to guess as to the identity of the purported underlying charge of sexual exploitation of children.  There exist at least two charges of sexual exploitation of children, one state and one federal that each contain different elements.  See 18 Pa. C.S.A. § 6320 (Sexual Exploitation of Children); 18 U.S.C. § 2251(a)-(d) (Sexual Exploitation of Children). Moreover, the federal statute has multiple subsections. The Government's omission of this critical element creates a substantial risk that Mr. Lewis could be convicted on a different basis than that supporting the grand jury's indictment.

Constitutionally adequate notice is essential to Mr. Lewis' ability to investigate the charges against him and to prepare his defenses.  Indeed, the "inability of a defendant to prepare his case skews the fairness of the entire system."  Doggett v. United States, 505 U.S. 647, 654 (1992).  Moreover, because "guilt depends so crucially upon such a specific identification of fact" in the indictment, the present charges in the Indictment must be dismissed for failing to allege an essential element of the crime charged.  Russell v. United States, 369 U.S. 749, 764 (1962).  The missing element and ill-defined charges leave "[t]he prosecutor free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal."  Id. at 768.

Such omission is fatal and on this basis alone, Counts Three and Four of the Indictment should be dismissed.  See United States v. Spinner, 180 F.3d 514 (3d Cir. 1999), abrogated on other grounds in United States v. Stevenson, 832 F.3d 412 (3d Cir. 2016), (conviction after guilty plea reversed and indictment dismissed where indictment failed to state that access device fraud affected interstate commerce)); See United States v. Beard, 414 F.2d 1014 (3d Cir. 1969); United States v. McGilberry, 480 F.3d 326 (5th Cir. 2007) (indictment charging possession of a firearm in relation to drug trafficking offense

insufficient because it failed to list essential elements of criminal conduct).

**II.**

**AS A MATTER OF LAW, MR. LEWIS' ALLEGED CONDUCT IS LEGALLY INSUFFICIENT TO ESTABLISH ATTEMPT WHERE THERE WAS NO "SUBSTANTIAL STEP" TOWARDS THE COMMISSION OF THE OFFENSES.**

Rule 12(b) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  Fed. R. Crim. P. 12(b). The Supreme Court has interpreted the language of Rule 12 to permit pre-trial resolution of a motion to dismiss the indictment when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."  United States v. Covington, 395 U.S. 57, 60 (1969).  Thus, where there are no facts in dispute, a pre-trial disposition is both warranted and appropriate.  See id. at 61; United States v. DeLaurentis, 230 F.3d 659, 660-61 (3d Cir. 2000) (district court can properly adjudicate the sufficiency of the evidence pre-trial where the government has made proffer of evidence or where there is a stipulated record); United States v. Phillips, 367 F.3d 846, 855 n.25 (9th Cir. 2004) (district court may dismiss indictment pre-trial for insufficient evidence where the facts are essentially

8

undisputed); United States v. Nitschke, 843 F. Supp. 2d 4 (D.D.C. 2011) (pre-trial motion to dismiss 2422(b) count based upon insufficient evidence); see also United States v. Smith, 866 F.2d 1092, 1097 (9th Cir. 1989) (noting one of the purposes of Rule 12(b) is "conservation of judicial resources by facilitating the disposition of cases without trial.").

Attempt requires both intent and conduct amounting to a substantial step towards the commission of the crime. See United States v. Ledesma-Cuesta, 347 F.3d 527 (3d Cir. 2003). Mere preparation for an attempt does not constitute a substantial step. See United States v. Manley, 632 F.2d 978, 987 (2d Cir. 1980) ("A substantial step must be something more than mere preparation"). The substantial step towards the commission of the crime "must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute." United States v. Bailey, 228 F.3d 637, 640 (6th Cir. 2000). Communication alone cannot establish the substantial step requirement. See United States v. Gladish, 536 F.3d 646, 650 (7th Cir. 2008) (finding defendant's conduct did not amount to the substantial step to support § 2422(b) and holding "[t]reating speech (even obscene speech) as the 'substantial step' would abolish any requirement of a

substantial step."); see also 2 O'Malley, Grenig, and Lee,

Federal Jury Practice and Instructions, §§ 21:04 (6th ed. 2012)

("A defendant may not be found guilty of attempting to commit

any crime, however, merely by thinking about it or even by

making some plans or some preparation for the commission of a

crime.").  Applying these standards, the Court should grant the

motion to dismiss the three attempt counts in Counts Two, Three

and Four.

Here, after reviewing the discovery supplied, the

allegations set forth in the Indictment, even in a light most

favorable to the Government, the evidence is devoid of

establishing the substantial step element.[1]  No conduct

approaching a substantial step was ever made.  There were no

specific arrangements to meet.  There was no travel, no

arrangement to meet at a particular place and time, no

transportation arrangements, no money provided for

transportation.  There were no other overt acts toward

persuading, inducing or enticing, or coercing the minor.  At

---

[1]  The obscene text messages that occurred on March 29, 2017 allegedly occurred between Mr. Lewis and the minor.  Although, all of the inappropriate texts originated during a three day window, they consisted of all one-sided bizarre banter from Mr. Lewis.  The minor ignored all of the sexual texts and did not respond to them.  Those messages, while perhaps vile, were not of a persuasive nature.  Moreover, the text messages from July 2017 were not with the minor, but rather the U.S. Postal Inspector Agent posing as the minor.

most there was sexually salacious communication that cannot satisfy the substantial step requirement.

Consequently, the Court should dismiss Counts Two, Three and Four of the Indictment.

## CONCLUSION

For all of the foregoing reasons, Mr. Lewis respectfully requests that the Court dismiss Counts Two, Three and Four of the Indictment.

Dated:     March 23, 2018

                    MIELE & RYMSZA, P.C.


                    By:   s/ Edward J. Rymsza
                          Edward J. Rymsza, Esq.
                          Pa. I.D. No. 82911
                          Attorney for Defendant
                          125 East Third Street
                          Williamsport, PA  17701
                          (570) 322-2113
                          (570) 322-8813 (facsimile)
                          Rymsza@comcast.net

11

## CERTIFICATE OF SERVICE

I, Edward J. Rymsza, Esq., hereby certify that on this 23d day of March 2018, I served the foregoing Brief in Support of Motion to Dismiss Indictment upon Chelsea Schinnour, Esq. by electronic mail.

Dated:    March 23, 2018

                              MIELE & RYMSZA, P.C.


                              By:  s/ Edward J. Rymsza
                                   Edward J. Rymsza, Esq.
                                   Pa. I.D. No. 82911
                                   Attorney for Defendant
                                   125 East Third Street
                                   Williamsport, PA  17701
                                   (570) 322-2113
                                   (570) 322-8813 (facsimile)
                                   Rymsza@comcast.net

12