IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
                               :
          v.                   :
                               : No. 4:17-CR-242
LEONARD LEWIS,                 :
                               :
          Defendant.           : Judge Brann


## BRIEF IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS

Defendant Leonard Lewis, by and through his undersigned counsel, files this Brief in support of his motion to suppress statements.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 9, 2017, Mr. Lewis was indicted on the following counts:  Distribution of Marijuana pursuant to 21 U.S.C. § 841 (Count One), Attempted Sexual Exploitation of a Child pursuant to 18 U.S.C. § 2251(a) (Count Two), and two Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity pursuant to 18 U.S.C. § 2422(b) (Counts Three and Four), and Production and Distribution of Obscene Visual Representations of the Sexual Abuse of Children pursuant to 18 U.S.C. § 1466A(a) (Count Five).  An arrest warrant was also issued.

On August 11, 2017, two United States Postal Inspectors (Messrs. Corricelli and Gelpi) went to Mr. Lewis' apartment in New York, New York.  The officers arrived at the apartment at approximately 8:00 a.m. and upon entry began to interview Mr. Lewis.  The interview was audio recorded and prior to questioning Mr. Lewis was provided Miranda warnings both verbally and in writing and allegedly signed a consent form.

According to the agents, Mr. Lewis "had no idea what our visit was about."  For approximately the next forty-five minutes, Mr. Lewis was interrogated by the agents. During the interrogation, Mr. Lewis made incriminating statements.  Only at the conclusion of the interrogation, the agents advised Mr. Lewis that an indictment had already been returned against him and that he was under arrest.

Mr. Lewis was removed from his residence and taken to the Middle District of Pennsylvania.  He was arraigned and subsequently detained.  Trial is presently scheduled for June 2018.

On March 23, 2018, Mr. Lewis filed a motion to suppress statements.  This brief is being submitted in support of that motion.

**ARGUMENT**

**MR. LEWIS' STATEMENTS SHOULD BE SUPPRESSED
FOR VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL.**

The Supreme Court has long since recognized that the "guiding hand of counsel" is essential to advise an accused of his rights in a delicate situation, such as an interrogation. See Powell v. Alabama, 287 U.S. 45, 69 (1932). In fact, the Court has held that the interrogation stage of a criminal prosecution was the stage when legal aid and advice were the most critical to an accused. See Messiah v. United States, 377 U.S. 201, 204 (1964). To that end, the Sixth Amendment right to counsel attaches upon the filing of an accusatory instrument such as an indictment. See Kirby v. Illinois, 406 U.S. 682, 689 (1972). A waiver of that important right is valid only when it reflects "an intentional relinquishment or abandonment of a known right or privilege." Patterson v. Illinois, 487 U.S. 285, 292 (1985). In order to establish such a waiver, the government must meet the heavy burden showing that the accused understood his right to counsel and knowingly relinquished it. See Brewer v. Williams, 430 U.S. 387, 404 (1977). The "courts indulge every reasonable presumption against waiver of fundamental constitutional rights." Johnson v. Zerbst, 304 U.S. 458, 464 (1938).

Under certain circumstances, adequate Miranda warnings under the Fifth Amendment can be sufficient to make a defendant aware of his or her Sixth Amendment right to counsel during interrogation after an indictment has been returned.  Id. However, there is no blanket rule that providing Miranda warnings under the Fifth Amendment will cure a Sixth Amendment violation.  Patterson, 487 U.S. at 296 n.9 (Court recognizing "[t]his does not mean, of course, that all Sixth Amendment challenges to the conduct of postindictment questioning will fail whenever the challenged practice would pass constitutional muster under Miranda.").[1]  When government agents elect to interrogate an individual after an indictment has been returned and the Sixth Amendment right to counsel has attached, they have the heavy burden of establishing that it was made voluntarily made after a valid waiver of the right to counsel.  See United Sates v. Lord, 565 F.2d 831, 839 (2d Cir. 1977).[2]

---

[1]  Of course Miranda involved the Fifth Amendment right against self-incrimination, not a Sixth Amendment right to counsel.

[2]  The Third Circuit decision in Riddick v. Emiston, 894 F.2d 586 (3d Cir. 1990) is inapposite.  There, the Third Circuit affirmed a waiver of the defendant's Sixth Amendment right to counsel after the defendant was read Miranda warnings and had been made aware by the police that he was in custody and under arrest.  In that case, the Third Circuit made it crystal clear that its holding was based "on this record" and that even though the defendant did not know he was formally charged, he had sufficient information to comprehend the gravity of his situation.  Id. at 588-89.  Notably, Riddick had already been arrested and extradited on the charges.  By contrast, Mr. Lewis

"An indictment marks the crucial point after which the purpose of the police in interrogating the defendant is not merely to investigate but 'to establish the guilt of the accused.'"  United States v. Brown, 699 F.2d 585, 589 (2d Cir. 1983) (internal citation omitted).  "When the government crosses the line from the investigatory to the accusatory stage . . . the Sixth Amendment requires that the accused have the assistance of counsel or that the government meet the 'heavy burden of proving that any inculpatory statements thus obtained were voluntarily given after a valid waiver of the right to counsel.'"  Id.

Here, when the agents came to Mr. Lewis' apartment, the agents opined that Mr. Lewis had no idea why they were even there.  The agents did not inform Mr. Lewis that they were armed with an arrest warrant or that an indictment had been returned against him in the Middle District of Pennsylvania.  The agents went to Mr. Lewis' apartment for the purpose of interrogating him first and then arresting him.  At the onset of the interrogation, Mr. Lewis did not, and could not, know that the adversarial process had commenced and that he had the right to choose to terminate the interrogation until he had an attorney present.  Lacking knowledge of the arrest and indictment, Mr.

---

was never advised that he was under arrest or indicted until after the postal inspector's achieved what they wanted, a confession and there was no further need for an interrogation.

Lewis could not recognize the magnitude of his legal predicament or indeed the exigency of a lawyer's aid.  The agents were acutely aware that at arraignment, counsel would be appointed and that this may be the only opportunity to obtain an un-counseled confession from Mr. Lewis.  The Government should not be permitted to circumvent the sacred Sixth Amendment protections by undertaking a post-indictment interrogation where Mr. Lewis was intentionally duped by not being informed so vital a legal fact – that an arrest warrant was in their possession and that an indictment had already been returned against him. The agents' antics should not be countenanced.  Their conduct rendered any purported waiver of Mr. Lewis' right to counsel merely illusory and a legal nullity.  See United States v. Brown, 699 F.2d 585 (2d Cir. 1983) (granting new trial after admission of post-indictment statements after right to counsel attached where Miranda warnings did not suffice to meet the higher standard of Sixth Amendment waiver of right to counsel).

**CONCLUSION**

For all of the foregoing reasons, Mr. Lewis respectfully requests that the Court schedule an evidentiary hearing and at the conclusion of the hearing grant the motion to suppress.

Dated:     March 23, 2018

MIELE & RYMSZA, P.C.


By:    s/ Edward J. Rymsza
       Edward J. Rymsza, Esq.
       Pa. I.D. No. 82911
       Attorney for Defendant
       125 East Third Street
       Williamsport, PA  17701
       (570) 322-2113
       (570) 322-8813 (facsimile)
       Rymsza@comcast.net

## CERTIFICATE OF SERVICE

I, Edward J. Rymsza, Esq., hereby certify that on this 23d day of March 2018, I served the foregoing Brief in Support of Motion to Suppress upon Chelsea Schinnour, Esq. by electronic mail.

Dated:    March 23, 2018

MIELE & RYMSZA, P.C.

By:  s/ Edward J. Rymsza
     Edward J. Rymsza, Esq.
     Pa. I.D. No. 82911
     Attorney for Defendant
     125 East Third Street
     Williamsport, PA  17701
     (570) 322-2113
     (570) 322-8813 (facsimile)
     Rymsza@comcast.net