| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIM. NO. 4:17-CR-242 |
| | ) |
| v. | ) |
| | ) (BRANN, J.) |
| LEONARD LEWIS, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS IN INDICTMENT FOR FAILURE TO STATE AN OFFENSE AND LEGAL INSUFFICIENCY

COMES NOW the United States of America, by and through its attorneys, David J. Freed, United States Attorney for the Middle District of Pennsylvania, and undersigned counsel, respectfully files this Brief in Opposition to Defendant's Motion to Dismiss Counts in Indictment for Failure to State an Offense and Legal Insufficiency ("Motion to Dismiss"). In support of this response, the Government states as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2017, the federal grand jury indicted Leonard Lewis (the "Defendant" or "Lewis") in a five-count Indictment. In Count One, Lewis is charged with Distribution of Marijuana, in violation of 21 U.S.C. § 841; in Count Two, Lewis is charged with Attempted Sexual

1

Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e); in Counts Three and Four, Lewis is charged with Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. §2422(b); and in Count Five, Lewis is charged Production and Distribution of an Obscene Visual Representation of the Sexual Abuse of Children, in violation of 18 U.S.C. §§1466A(a), (1)(A), (B) and 2(A),(B). (Dkt. No. 1). On March 23, 2018, the Defendant filed a Motion to Dismiss Counts Two, Three and Four of the Indictment and a Brief in Support of his Motion. (Dkt. Nos., 45 and 46). On April 11, 2018, the federal grand jury returned a Superseding Indictment against the defendant. The charges remained the same, but statutory citations were added to Counts Three and Four of the Indictment. (Dkt. No. 53). Jury trial is currently scheduled for June 4, 2018. (Dkt. No. 44).

On April 26, 2017, the defendant, Lewis, residing in New York City, sent a United States Postal Service Priority mail parcel to a juvenile male relative residing in Milton, Pennsylvania. The parcel contained a dark-colored "brownie," a ring, underwear, assorted pictures, and related items. Along with the parcel, Lewis included a handwritten note:

2

*"Yo bro. enclosed are a few things that I thought you might of interest. I would suggest you only eat one "special" brownie at a time. It takes about 3 hours to fully kick in. If you smoke weed, ciggarettes (sic), vodka…!!!, it will float you to the cosmos.⸱⸱⸱ chill. I would also suggest that you hide most of this from your mom. You know she goes through your shit. Perhaps an ammo safebox or in one of your secret hiding places… Looking forward to chillin under the stars. 2 more months son. Peace bro. Leondard. Facetime me when you do some."*[1]

On May 5, 2017, the juvenile's mother provided the parcel and its contents to the Milton Police Department ("MPD"). Along with the parcel, she provided the juvenile's Samsung brand cellular telephone and Apple iPod device to MPD.

A forensic review of the juvenile's iPod device revealed that there were numerous text messages between Lewis and the juvenile. In the recovered messages, including texts from March 2017, Lewis discussed adopting the juvenile as his son and marrying him. Investigators also recovered sexually graphic comments to include a message from March

---

[1] After the initial package, Lewis sent additional packages, which law enforcement seized pursuant to search warrant authorization from U.S. Magistrate Judge Martin C. Carlson. The packages contained photos, including artistic nude photos, clothing, books and other miscellaneous items.

26, 2017, when Lewis wrote, "*remember, you chose me at 2… then,* "*I have an ass with a hole in it., you can fuck me if you want*" *at twelve. Remember that son? Of course you do. Well, your soon to be adopted Dad is going to soon take you up on your offer, you gorgeous stud of a man.*" He further indicated that he would discipline the juvenile, writing "*daddy will give you a spanking and you will beg for more.*"

In a message dated March 28, 2017, the defendant texted the juvenile, "*u need daddy to send u money fr emojis son? It will cost u…a some sperm samples in the mail for daddy to digest.*" Followed by an additional text, which read, "*daddy will be saving all his loads in a jar to use as lube for your stud pussyhole when you deliver yourself to your fiancé daddy this summer.*" Lewis also wrote to the juvenile about his own desire to be disciplined, writing, "*[D]addy is getting into trouble. perhaps my baby boy/son needs to discipline his daddy's studbutt,*" and continued to allude to his fantasies about sexual acts between the two.

In another message dated March 29, 2017, Lewis asked the juvenile to "*send a pix of yr puss stud,*" followed by a message indicating that the juvenile should not "*play shy.*"

He also encouraged the juvenile to delete the messages so that his parents did not see them.  In addition to sending sexually graphic text messages, Lewis sent pornographic videos to the juvenile as well as images that Lewis created using Photoshop.  Specifically, the images contained sexually graphic images of males.  Lewis rendered the images so that his face and the face of the juvenile appeared on the bodies of the males engaged in sexual activities.

Beginning on July 10, 2017, while acting in the undercover identity of the juvenile, Postal Inspector Michael Corricelli ("Corricelli") began a text-dialogue with Lewis.  Within the first few days of texting, the Defendant expressed his interest in a sexual relationship with the juvenile.

In one text on July 13, 2017, Lewis wrote, *"yes since you were 12 and you offered yourself to me and I would have done it but you were too young them (sic) you are legal now."* He later said, *"I am in love with you since you chose me at 2 not sexually then..."*

On July 13, 2017, Defendant sent numerous images of a naked male he claimed was himself.  Some of these images showed Lewis with an erection.  Upon sending his nude photos, Lewis asked if the juvenile

wanted to "*trade*" and said he wanted *"ass dick your beautiful hairy pits son."*

On July 14, 2017, Defendant indicated that he had a "*whole portfolio for trade.*" He then made additional requests for photographs of the juvenile, to include, "*full frontal nude cock and ass pic*" and an "*asshole pic as well.*"

Through text, Defendant also indicated that he wanted to take nude pictures of the juvenile when he traveled to New York to visit him. On July 14, 2017, Defendant texted, "*we will take pics with my camera of you.*" When asked what kind of "pics," Lewis wrote, "*nudes.*" In reference to the two taking nude photographs together, Lewis texted, "*we could make s (sic) fortune if we posted them on the web.*"

Additionally, Lewis provided the juvenile with information on how to travel via bus to New York so that he could visit Lewis at his residence.

## II.   STATEMENT OF QUESTIONS

1) Should Counts Three and Four of the Superseding Indictment be dismissed for failure to state an essential element?

2) As a matter of law, is the Defendant's conduct legally sufficient to establish an attempted commission of the offense?

## III.  ARGUMENT

### A. Counts Three and Four of the Superseding Indictment are sufficient as charged

After the filing of the Defendant's Motion and Brief in Support (Dkt Nos., 45 and 46), the Government presented an amended Indictment to the grand jury which added statutory citations to the body of Counts Three and Four.  (Dkt. No. 53).  This addition renders moot the Defendant's argument that Counts Three and Four of the Indictment are insufficient.

### B. There is evidence to establish that an overt act toward the commission of the offenses in Counts Two through Four took place

In his Motion to Dismiss, Lewis asks this Court to step into the position of fact-finder and pre-judge the Government's evidence based on his own assessment and review of the Government's case.  While he is certainly entitled to challenge the Government's evidence at trial, he is not entitled to a pre-trial dismissal of Counts Two through Four of the Superseding Indictment under Federal Rule of Criminal Procedure 12(b), and the Court should summarily deny Lewis' Motion to Dismiss.

In regard to Count Two, attempted sexual exploitation of children under 18 U.S.C. §§ 2251(a) and (e), the government has to prove that Lewis attempted to persuade, induce, entice, or coerce the juvenile to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct. Lewis argues that his requests of the juvenile to take photos of his "puss" and the surrounding circumstances of his request is insufficient conduct to establish attempt.

The Third Circuit rejected the same argument that Lewis makes here in an analogous fact pattern. In *United States v. Pavulak,* the defendant argued on appeal to the Third Circuit that there was insufficient evidence to sustain his conviction for attempted production of child pornography. *United States v. Pavulak*, 700 F.3d 651 (3d Cir. 2012).

In *Pavulak,* the Government proved at trial that the defendant had repeatedly requested that a mother of a child display her child's vagina over a web camera feed. *Id.* at 670. The mother declined his request and the child's vaginal area was not exposed. *Id.* On appeal, the defendant argued that the evidence was insufficient to support his

8

conviction and argued that the chat between the parties was "banter" without any intent to act. *Id.*

The Court opined, "[t]he crime of attempt requires the specific intent to commit a crime—here, producing child pornography in violation of 18 U.S.C. § 2251(a)—and a substantial step towards the commission of that crime." *Cf. United States v. Nestor,* 574 F.3d 159, 160–61 (3d Cir.2009) (describing attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b)). "Under § 2251(a), a person is guilty of producing child pornography if he "employs, uses, persuades, induces, entices, or coerces any minor to engage in" or "has a minor assist any other person to engage in ... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct."" *Id.* at 669-70.

Applying the law to the facts in *Pavulak,* the Court held that the repeated requests by the defendant to have the mother display the child's genitals area was sufficient evidence to support the conviction of attempt. *Id.* at 670. "That evidence was enough to constitute a substantial step towards "coercing" Jane Doe to "engage in any sexually

9

explicit conduct ... for the purpose of transmitting a live visual depiction of such conduct." *Id. citing,* 18 U.S.C. § 2251(a); *see, e.g., United States v. Lee,* 603 F.3d 904, 918 (11th Cir.2010) (upholding a guilty verdict for attempted production of child pornography where the evidence showed that the defendant "repeatedly ... request[ed] sexually explicit photographs and [sent] a photograph of his own").

In the present case, Lewis requested that the juvenile send him lascivious photos of his genitals. In an effort to persuade, induce, entice, and encourage him to do so, he sent the juvenile gifts, to include marijuana, he sent the juvenile photos of his own genitals, he sent the juvenile links to pornography, he referenced saving his semen in a jar for the juvenile and sent a corresponding photo of a jar purportedly containing semen, he indicated that he wanted to use the semen within the jar as lubrication for a sexual act that he desired to perpetrate on the juvenile, and sent the juvenile rendered images containing the juvenile's face in sexually explicit positions.

These various facts are a portion of the Government's evidence to establish that Lewis took a substantial step toward the commission of

the offense and acted with the specific intent to persuade the juvenile to produce child pornography.

In regard to Counts Three and Four, the Government has to prove that Lewis, using the internet and a computer device, attempted to persuade, induce, entice and coerce the juvenile to engage in a sexual activity for which any person can be charged with a criminal offense. In this case, the Government alleges that the chargeable criminal offense relates to the sexual exploitation of children.

"[A] defendant attempts to commit a crime when he demonstrates his intent to commit the crime and takes a substantial step toward doing so." *United States v. Nestor,* 574 F.3d 159, 161 (3d Cir. 2009), *citing, United States v. Tykarsky,* 446 F.3d 458, 469 (3d Cir.2006) (citing *United States v. Hsu,* 155 F.3d 189, 202-03 n. 19 (3d Cir.1998)). The Court further explained in cases involving enticement, "[b]ecause we look at the defendant's subjective intent, "the lack of an actual minor is not a defense to a charge of attempted persuasion, inducement, enticement, or coercion of a minor in violation of § 2422." *Id.* at 468-69."

Thus, whether Lewis was communicating with the juvenile directly, (as it is alleged in Count Three), or whether he was

communicating with Inspector Corricelli believing him to be the

juvenile, (as it is alleged in Count Four), is irrelevant.

In *United States v. Nestor,* the Third Circuit affirmed a conviction

under 18 U.S.C. § 2422(b) on the basis that although the *Nestor*

defendant had never communicated directly with a child, but rather had

communicated with an undercover officer, "[h]e took substantial steps

calculated to put him into direct contact with a child so that he could

carry out his clear intent to persuade, induce, entice or coerce the child

to engage in sexual activity. Thus, though he never communicated

directly with a child, he took substantial steps that he believed would

allow him to do so, and he is therefore guilty of an attempt under §

2422(b)." *United States v. Nestor*, 574 F.3d 159, 162 (3d Cir. 2009)

In examining whether the *Nestor* defendant had "evinced his

intent to violate § 2422(b)," the Third Circuit considered the totality of

the circumstances, to include the fact that the defendant had posted an

ad on Craigslist, that he had discussed meeting with a child for sex both

through email and over the phone, he arranged a rendezvous, and he

discussed ways to avoid detection. *Id.* at 161. Notably, the Third

Circuit opined that "[i]ndividually, each of these actions could constitute a substantial step toward the violation of § 2422(b). *Id.*

In the present case, the totality of the circumstances as to Counts Three and Four support the charges of attempted enticement. Lewis used a web-enabled phone to take substantial steps toward enticing the juvenile to engage in criminal sexual activities by discussing his fantasies in specific detail with the juvenile, persuading the juvenile to take explicit photos of himself, and by making plans for the juvenile to travel to New York to engage in criminal sexual activities which would be published. The various facts and circumstances in the present case coalesce to prove that Lewis had the actual intent to entice the juvenile and took substantial steps toward achieving his goal.

Thus, the Court should decline Lewis' invitation to dismiss the indictment and should instead allow the jury to weigh the government's evidence.

WHEREFORE, the Government respectfully requests that this honorable Court deny the Defendant's Motion to Dismiss the Indictment.

Respectfully submitted

DAVID J. FREED
United States Attorney


By: /s/ Chelsea B. Schinnour
CHELSEA B. SCHINNOUR
Assistant U.S. Attorney
Attorney ID No. CO 43517
228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108
(717) 221-4482 telephone
(717) 221-4493 facsimile
chelsea.b.schinnour@usdoj.gov

Dated: April 23, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIM. NO. 4:17-CR-242 |
| | ) |
| v. | ) |
| | ) (BRANN, J.) |
| LEONARD LEWIS, | ) |
| | ) |
| Defendant | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on April 23, 2018, she served a copy of the attached

## GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS IN INDICTMENT FOR FAILURE TO STATE AN OFFENSE AND LEGAL INSUFFICIENCY

by email to the person hereinafter named:

Edward J. Rymzsa, Esquire
MIELE & RYMSZA, P.C.
at Rymsza@comcast.net


s/ Chelsea Schinnour
Chelsea Schinnour
Assistant U.S. Attorney